(No. 1377—)

AMERICAN OPEN RACING ASSOCIATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

*Rehearing denied March 28, 1929.*

ORAMEL B. IRWIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant's demand is for $879.50, and is based on a contract with the Department of Agriculture. The contract is set out in and made a part of the declaration as an exhibit thereto. By the terms of the contract claimant agrees to furnish auto races at the State Fair on the 18th and 25 days of August, 1928, to promote and manage the races and to pay all prizes or purses for the two days' races. The claimant is to collect all admission fees paid for entrance to the Fair Grounds or to the main grand stand box and reserve seats and other admissions of said grand stand and bleachers on the respective days of said races and out of such fees so collected is to pay the State for the rights and privileges therein conferred fifty per cent of said fees collected on the day the same are collected.

The declaration alleges that subsequent to the execution of the contract it was agreed by the parties thereto that the State should sell all tickets for admission to the bleachers, grand stand and box seats, collect the monies therefor and pay one-half of all said money so collected to claimant; that the State sold all tickets for admission to bleachers, grandstand and box seats on August 25, 1928, collected all money therefor and duly paid the claimant one-half of the monies so collected from the sale of tickets for admission to grand stand and box seats but failed and refused to pay claimant one-half or part of the monies received by it from the sale of

tickets for admission to the bleachers; and that one-half of the monies received by the State from the sale of tickets of admission to the bleachers is the sum of $879.50.

No plea has been filed to the declaration and, under the rules of this court, the cause must be heard as though a general traverse had been filed.

This suit is based on the theory that the State received the money derived from the sale of tickets for admission to the bleachers on August 25th, and refuses to pay claimant one-half thereof as it had agreed to do; in other words, it is a suit to recover money had and received by the State for the use of claimant. The only evidence introduced is an affidavit of S. J. Stanard, Director of Agriculture. In it he states positively that the State did not receive any portion of the monies derived from the sale of bleacher tickets on August 25th.

As the State received no money for admissions to the bleachers on August 25th, it owes claimant nothing on that account. The claim is therefore denied and the case dismissed.

On March 28, 1929, upon petition for rehearing the following additional opinion was filed:

Petition for rehearing in the above cause was filed on the 9th day of March, A. D. 1929. In the original opinion in this cause the court took into consideration all the matters and facts set up in the petition for rehearing and was unable to see where the defendant was legally liable to the claimant and *found* for the defendant. The petition for rehearing will therefore be denied and the original opinion affirmed.

On May 9, 1929, upon motion to set aside order denying the petition for rehearing the following additional opinion was filed:

Claimant filed a petition for rehearing in the above cause on the 9th day of March, 1929, and this petition was denied on March 28th, 1929. On April 25th, 1929, claimant filed a motion to set aside the order filed on March 28th denying the petition for rehearing. Claimant's motion is denied.